John C. Petrella, Esq. (Bar ID #003961989)
Jeremy M. Brooks, Esq. (Bar ID #245932018)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANTS
Shimmick Construction Co., Inc.; Habeeb Rahim, and
Carrie Masiello

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEVEN MITCHELL, | : | **NOTICE AND PETITION FOR** |
| | : | **REMOVAL OF CASE FROM THE** |
| Plaintiff, | : | **SUPERIOR COURT OF NEW JERSEY,** |
| | : | **LAW DIVISION, HUDSON COUNTY** |
| v. | : | |
| | : | |
| SHIMMICK CORPORATION; HUDSON | : | |
| BERGEN LIGHT RAIL; NEW JERSEY | : | |
| TRANSIT; HABEEB RAHIM; CARRIE | : | |
| MASIELLO and DOES 1-10, | : | |
| Defendants. | | |

To:   Melissa E. Rhoads, Esq., Clerk of Court
      U.S. District Court for the District of New Jersey
      Martin Luther King Building & U.S. Courthouse
      50 Walnut Street
      Newark, NJ 07102

      Mark T. Sadaka
      Sadaka Law LLC
      155 North Dean Street, 4th Floor
      Englewood, New Jersey 07631
      Attorneys for Plaintiff

Defendants[1], Shimmick Construction Company, Inc. (improperly pled as "Shimmick Corporation"); Habeeb Rahim; and Carrie Masiello (collectively, the "Shimmick Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submits this Notice and Petition For Removal of a Case from the Superior Court of New Jersey, Law Division,

---

1 Hudson Bergen Light Rail is not a legal entity, rather it is a light rail transit system. Therefore, it is not a proper party to this matter and the Complaint should be amended to reflect as much.

Hudson County, bearing Docket No. HUD-L-1722-24, and as grounds for removal alleges as follows:

1.      On May 6, 2024, Plaintiff, Steven Mitchell ("Plaintiff"), filed a civil action, Steven Mitchell v. Shimmick Corporation; Hudson Bergen Light Rail; New Jersey Transit; Habeeb Rahim; Carrie Masiello; and Does 1-10, Docket No. HUD-L-001722-24, pending in the Superior Court of New Jersey, Law Division, Hudson County.  A true and correct copy of the summons and complaint are annexed hereto as Exhibit "A."  These documents constitute all pleadings and process provided to the Shimmick Defendants in this action.  The summons and complaint were the initial pleadings received by the Shimmick Defendants setting forth the claims upon which Plaintiff's action is based.

2.      The Shimmick Defendants received a copy of the summons and complaint on or about May 6, 2024, within thirty (30) days of the filing of the notice and petition for removal.

3.      This notice and petition is timely filed per 28 U.S.C. § 1446(b)(1).  The Shimmick Defendants have effectuated removal within thirty (30) days of receipt by it of a paper from which it could first be ascertained that this action is removable.

4.      The Shimmick Defendants have not filed an answer or a motion in the Superior Court of New Jersey in response to Plaintiff's Complaint.

5.      This action is being removed to this Court on the basis of federal question pursuant to 28 U.S.C. § 1331 as Plaintiff alleges, among other things, a violation of the Federal Department of Transportation Regulations, specifically Rule 49 C.F.R. Part 40 §40.321.

8.      The Shimmick Defendants submit this notice and petition without waiving any defenses to the claims asserted by Plaintiff, or conceding that Plaintiff has pleaded claims

upon which relief may be granted.

9.      Venue is proper in this Court per 28 U.S.C. § 1391.

10.      The Shimmick Defendants do not, by way of filing this removal, waive the right to file a motion to dismiss for lack of personal jurisdiction, per Fed. R. Civ. P. 12(b)(2), as to any or all of the above-captioned Shimmick Defendants.

10.      Pursuant to 28 U.S.C. § 1446(d), the Shimmick Defendants have given written notice of the removal of this action to all adverse parties, and has filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County.

11.      Defendant New Jersey Transit consents to this notice to remove the above-captioned matter to federal court.

WHEREFORE, the Shimmick Defendants respectfully request that the within action, now pending in the Superior Court of New Jersey, Law Division, Hudson County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.

By: *s/ John C. Petrella*
John C. Petrella
Jeremy M. Brooks
ATTORNEYS FOR DEFENDANTS

Dated:  June 5, 2024

4877-8705-5298, v. 1

# EXHIBIT A

**Mark T. Sadaka, Esq. 03858209**
SADAKA ASSOCIATES LLC
155 North Dean Street, 4th Floor
Englewood, New Jersey 07631
800-810-3457
mark@sadakafirm.com;
ecf@sadakafirm.com

|  |  |
|---|---|
| STEVEN MITCHELL,<br><br>               Plaintiff,<br><br>            v.<br><br>SHIMMICK CORPORATION; HUDSON BERGEN LIGHT RAIL; NEW JERSEY TRANSIT; HABEEB RAHIM; CARRIE MASIELLO and DOES 1-10.<br><br>               Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: HUDSON COUNTY**<br><br>DOCKET NO.<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Steven Mitchell by and through his attorneys Sadaka Associates LLC, by way of Complaint against all Defendants does hereby state:

## PARTIES

1.      Steven Mitchell ("Mr. Mitchell") is a resident of Brooklyn, Brooklyn County, New York, and was, at all relevant times, an employee of Defendant Shimmick Corporation.

2.      Shimmick Corporation ("Shimmick") is a Delaware-incorporated corporation whose executive headquarters is located at 530 Technology Drive, Suite 300, Irvine, California.

3.      Shimmick was Mr. Mitchell's employer and, during all times relevant, was operating and doing business at Hudson Bergen Light Rail, 20 Caven Point Ave, Jersey City, NJ 07304.

4.      Habeeb Rahim ("Rahim"), in his individual and professional capacity, is believed to be a citizen of the State of New Jersey and is the Safety Manager of Shimmick. Rahim terminated Mr. Mitchell, and/or defamed him, and interfered with Mr. Mitchell's livelihood.

5.      Carrie Masiello ("Masiello"), in her individual and professional capacity, is believed to be a citizen of the State of New Jersey and, at all relevant times, was the Human Resources Manager of Shimmick. Masiello terminated Mr. Mitchell, defamed him, and interfered with his livelihood.

6.      Hudson-Bergen Rail is a light rail system owned by New Jersey Transit in Hudson County, New Jersey.

7.      New Jersey Transit ("NJ Transit") is a public entity that operates the Grove Street Light Rail Station in Bloomfield, New Jersey.

8.      Does 1-10 include individual persons or entities who are unknown but had authority, control, and/or engaged in conduct to discriminate directly or indirectly against Mr. Mitchell due to his disability?

## **VENUE**

9.      The matter is properly venued in Hudson County, Superior Court Law Division, pursuant to New Jersey Civil Rule 4:3-2(a), because the Plaintiff was employed in Hudson County, and the cause of action arose in Hudson County.

## **FACTS**

10.      In or about 2003, Mr. Mitchell began working at Hudson Bergen Light Rail starting as a Signal Maintainer Helper and working his way up to Superintendent of Maintenace of Way.

11.     Mr. Mitchell believes that he has undergone prior drug testing during the course of his employment without incident but does not recall the dates of those tests.

12.     In or about 2021, Mr. Mitchell was diagnosed with anxiety and post-traumatic stress disorder (PTSD).

13.     As part of Mr. Mitchell's medical treatment, he was prescribed medical marijuana pursuant to N.Y. Pub. Health Law § 3360-3369 (McKinney).

14.     On or about June 23, 2022, Mr. Mitchell became a certified patient and was issued a registry identification card through the New York State Office of Cannabis Management.

15.     Pursuant to section 3369 of N.Y. In Public Health Law, being a certified patient is considered having a disability under New York State Human Rights Law, and employers are prohibited from discriminating against an employee based on the lawful use of medical marijuana.

16.     Mr. Mitchell only uses the prescription to help him sleep at night after work and has never used it during work hours. He does not use his prescription every day but only as needed.

17.     On or about July 6, 2022, Mr. Mitchell was advised by his employer that he was required to undergo mandatory drug testing.

18.     Prior to taking the test Mr. Mitchell advised his employer that he was prescribed medical marijuana to treat his medical condition. In response, he was told to take the test and advise the medical review officer (MRO) of his prescription.

19.     On or about July 7, 2022, Mr. Mitchell underwent the drug testing and provided the MRO with his medical marijuana prescription.

20.     Mr. Mitchell's drug test results indicate that the testing was done "Pre-Employment" and came back positive for marijuana.

21.     On or about July 14, 2022, Mr. Mitchell was terminated from his position as a result of testing positive for marijuana use.

22.     Mr. Mitchell was not given the opportunity to present a legitimate medical explanation for his marijuana use to the MRO, despite his attempts to do so. Instead, he was given information regarding substance abuse programs.

23.     On or about March 2, 2023, Mr. Mitchell was offered the position of Assistant Superintendent, LRT Signals & ET, Grade 31 in the Light Rail Department at 261 Grove Street, Bloomfield, New Jersey 07003.

24.     On or about March 6, 2023, Mr. Mitchell signed the conditional offer of employment.

25.     Upon information and belief, sometime between March 6 and March 24, employees and or representatives from Shimmick disclosed Mr. Mitchell's test results to NJ Transit. Mr. Mitchell never consented to the release of this information.

26.     On or about March 24, 2023, Mr. Mitchell received a phone call from an HR representative with NJ Transit, who informed him that the position was being rescinded due to his failure to attend counseling from a Substance Abuse Professional following his positive drug test with his former employer, Shimmick.

27.     Mr. Mitchell explained to the representative that he had a prescription for medical marijuana at the time of his termination, that he did not have a substance abuse problem but rather took his prescribed medical marijuana to treat a medical condition.

28.     The NJ Transit representative told Mr. Mitchell that there was nothing they could do, and that the rescission would stand.

29.     Mr. Mitchell was never, and has never been, under the influence of marijuana while at work performing any of his work responsibilities, nor does his prescribed medication, including medical marijuana, affect his ability to perform his job.

30.     Mr. Mitchell had successfully performed his job duties for approximately nineteen (19) years without incident, prior to his termination.

31.     Shimmick' s arbitrary implementation of drug testing of Mr. Mitchell, after 19 years of employment, in an inherently discriminatory, as Mr. Mitchell's performance gave no indication that he was under the influence while at work and his use of marijuana was to treat his disability.

32.     Mr. Mitchell was terminated due to his disability.

33.     Despite Mr. Mitchell's alerting his employer, the Medical Review Officer and human resources representatives of his medical marijuana prescription, Mr. Mitchell was never spoken to by any of the Defendants to determine if, with an accommodation, Mr. Mitchell would be able to continue to perform his job responsibilities or if there was another position he could occupy.

34.     During Mr. Mitchell's employment, he was an exceptional employee, with absolutely no discipline or notice of corrective action.

35.     Shimmick's treatment of Mr. Mitchell's medical marijuana use as a "substance abuse" issue resulted not only in his loss of employment but also harmed his ability to secure gainful employment following his termination.

## EXHAUSTION OF REMEDIES

36.     More than thirty days prior to the institution of this lawsuit, Plaintiff filed a

charged with the U.S. Equal Opportunity Commission (EEOC) alleging violation of Title I by

Defendant Shimmick and other employees and agents employed by and affiliated with Shimmick

and Hudson Bergen Light Rail – NJ Transit. All conditions precedent to the institution of this

lawsuit have been fulfilled:

     a.   On or about November 7, 2022, Plaintiff Steven Mitchell filed a verified charge

      with the Equal Employment Opportunity Commission, charging Defendant with

      discrimination based on disability (EEOC Charge No. 524-2023-00424).

     b.   On February 6, 2024, Plaintiff was sent a determination of charge and notice of

      his right to sue.

37. More than six months before this lawsuit was instituted, Plaintiff filed a notice of claim

with NJ Transit and said notice was served upon NJ Transit within ninety days of the incident.

## COUNT I

## DISABILITY DISCRIMINATION

### (As to Defendant Shimmick)

38.     Plaintiff repeats and realleges paragraphs 1 through 37 of this Complaint.

39.     Plaintiff was disabled as defined in the New Jersey Law Against Discrimination

(NJLAD) N.J.S.A. 10:5-1 et seq.

40.     Plaintiff was qualified to perform the essential functions of the position of his

employment, as demonstrated by his 19 years of service and promotions.

41.     Defendants treated Plaintiff in a discriminatory manner due to Plaintiff's

disability.

42. Defendant Shimmick terminated Plaintiff due to his disability and off work use of prescribed medical treatment.

43. Plaintiff's termination, an adverse act, was committed by Defendant Shimmick's upper management, supervisors and/or human resources personnel.

44. Although Defendant knew or should have known of the discrimination suffered, Defendant Shimmick failed to take any corrective measures to stop or prevent the discrimination in violation of the New Jersey Law Against Discrimination, <u>N.J.S.A.</u> 10:15-1, et seq.

45. These illegal actions were committed against Plaintiff and the conduct complained of would not have occurred but for Plaintiff's disability. Defendant Shimmick has engaged in behavior that violates the New Jersey Law Against Discrimination, <u>N.J.S.A.</u> 10:15-1, et seq., and have thereby irreparably injured Plaintiff.

## COUNT II
## <u>DISABILITY DISCRIMINATION</u>
### (*As to Defendant NJ Transit*)

46. Plaintiff repeats and realleges paragraphs 1 through 45 of this Complaint.

47. Plaintiff suffers from a disability as defined in the NJLAD.

48. Plaintiff was qualified to perform the essential functions of the position, as demonstrated by his being offered the position.

49. Defendant NJ Transit treated Plaintiff in a discriminatory manner due to Plaintiff's disability.

50. Defendant NJ Transit withdrew their offer of employment due to Plaintiff's disability and off work use of prescribed medical treatment.

51. The withdrawal of the employment offer, an adverse act, was committed by Defendant NJ Transit's upper management, supervisors and/or human resources personnel.

52. Although Defendant knew or should have known of the discrimination suffered, Defendant NJ Transit failed to take any corrective measures to stop or prevent the discrimination in violation of the New Jersey Law Against Discrimination, <u>N.J.S.A.</u> 10:15-1, et seq.

53. These illegal actions were committed against Plaintiff and the conduct complained of would not have occurred but for Plaintiff's disability. Defendant NJ Transit has engaged in behavior that violates the New Jersey Law Against Discrimination, <u>N.J.S.A.</u> 10:15-1, et seq., and have thereby irreparably injured Plaintiff.

## COUNT III
## <u>WRONGFUL TERMINATION</u>
### (*As to Defendant Shimmick*)

54. Plaintiff repeats and realleges paragraphs 1 through 53 of this Complaint.

55. Plaintiff belongs to a protected class under the NJLAD based upon his disability.

56. Plaintiff was performing their job at a level that met the employer's legitimate expectations, as demonstrated by his 19 years of experience and promotions during the course of his employment.

57. Plaintiff was terminated from his employment.

58. After termination, Defendant Shimmick sought someone to perform the same functions, who did not belong to the same protected class.

59. Defendant Shimmick is therefore liable to Plaintiff for his wrongful termination.

## COUNT IV

## <u>FAILURE TO ACCOMMODATE</u>

### (*As to Defendant Shimmick*)

60. Plaintiff repeats and realleges paragraphs 1 through 59 of this Complaint.

61. Plaintiff is an individual with a disability under NJLAD.

62. Plaintiff demonstrated his ability to successfully perform the position based upon his nineteen years of service.

63. Defendant Shimmick failed to reasonably accommodate Plaintiff or even discuss with Plaintiff potential accommodations for his condition.

64. Defendant Shimmick illegally failed to accommodate Plaintiff Steven Mitchell's disability and is therefore liable for the damages suffered by Plaintiff.

**COUNT V**
**NEGLIGENCE**
***(As to Defendant Shimmick)***

65. Plaintiff repeats and realleges paragraphs 1 through 64 of this Complaint.

66. Defendant Shimmick, as Mr. Mitchell's employer owed him a duty of care.

67. Defendant Shimmick breached that duty.

68. Defendant Shimmick's breach of duty was the actual and proximate cause of Mr. Mitchell's injuries.

69. Mr. Mitchell suffered damages due to Defendant Shimmick's breach.

70. Defendant Shimmick is, therefore, liable to Mr. Mitchell for damages sustained due to their negligence.

**COUNT VI**
**NEGLIGENCE**
***(As to Defendant NJ Transit)***

71. Plaintiff repeats and realleges paragraphs 1 through 70 of this Complaint.

72. Defendant NJ Transit, as a potential future employer of Mr. Mitchell, owed to him a duty of care.

73. Defendant NJ Transit breached that duty.

74. Defendant NJ Transit's breach of duty was the actual and proximate cause of Mr. Mitchell's injuries.

75. Mr. Mitchell suffered damages because of Defendant NJ Transit's breach.

76. Defendant NJ Transit is therefore liable to Mr. Mitchell for damages sustained due to their negligence.

## COUNT VII
## BREACH OF CONFIDENTIALITY

77. Plaintiff repeats and realleges paragraphs 1 through 76 of this Complaint.

78. Under Department of Transportation (DOT) Rule 49 CFR Part 40 Section 40.321, Defendant Shimmick, as an employer participating in the DOT drug or alcohol testing process, is prohibited from releasing individual test results or medical information about an employee to third parties without the employee's specific written consent.

79. Plaintiff never consented to release the results of his July 2022 drug test performed by Defendant Shimmick or its agents.

80. Upon information and belief, Defendant Shimmick shared the results of Plaintiff's July 2022 drug test with his potential new employer at NJ Transit.

81. As a result of this release of information, NJ Transit withdrew its job offer, causing Plaintiff economic harm.

82. Defendant Shimmick is therefore liable to Plaintiff for the damages he sustained from their improper release of confidential information.

**WHEREFORE**, Plaintiff demands judgment as to all claims, counts and parties as follows:

A)      Declaratory and Injunctive Relief;
B)      Compensatory Damages;
C)      Loss of pension, health insurance and other benefits,
D)      Emotional distress, pain and suffering;
E)      Back Pay and Future Pay;
F)      Pre and Post Judgment Interest;
G)      Liquidated Damages
H)      Gross Tax Up Consequences;
I)      Punitive Damages;
J)      Attorney's Fees and Costs of this Action;
K)      Other Equitable Relief; and
L)      Such further relief as the Court deems necessary and property in the public interest.

Dated:  May 6, 2024

                                        SADAKA ASSOCIATES LLC


                              By:   _____
                                        Mark T. Sadaka, Esq., MSPH




## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues raised in the various Counts of the

Complaint.

Dated:  May 6, 2024

                                        SADAKA ASSOCIATES LLC


                              By:   _____
                                        Mark T. Sadaka, Esq., MSPH

**DESIGNATION OF TRIAL COUNSEL**

Plaintiffs hereby designate Mark T. Sadaka as trial counsel in this matter.

Dated:  May 6, 2024

SADAKA ASSOCIATES LLC

By:   _____

Mark T. Sadaka, Esq., MSPH

**<u>CERTIFICATION</u>**

I certify, pursuant to R.4:5-1 that to the best of my knowledge, information, and belief at this time, the matter in controversy is not the subject matter of any other action pending in any other court, nor of any pending Arbitration proceeding, that no other action or Arbitration is contemplated and that there are no other parties who should be joined in this action.

Dated:  May 6, 2024

SADAKA ASSOCIATES LLC

By:   _____

Mark T. Sadaka, Esq., MSPH

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-001722-24

**Case Caption:** MITCHELL STEVEN  VS SHIMMICK
CORPORATION

**Case Initiation Date:** 05/06/2024

**Attorney Name:** MARK T SADAKA

**Firm Name:** SADAKA ASSOCIATES LLC

**Address:** 155 NORTH DEAN ST 4TH FL
ENGLEWOOD NJ 07631

**Phone:** 2012665670

**Name of Party:** PLAINTIFF : Mitchell, Steven

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Steven Mitchell?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** YES  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/06/2024
Dated

/s/ MARK T SADAKA
Signed