# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>SHIMMICK CONSTRUCTION COMPANY, INC; HUDSON BERGEN LIGHT RAIL; NEW JERSEY TRANSIT; HABEEB RAHIM; CARRIE MASIELLO and JOHN DOES 1-10.<br><br>    Defendants. | Civil Action No. 2:24-cv-06702-JXN-CLW<br><br>Hon. Julien Xavier Neals, Judge<br>Hon. Cathy L. Waldor, Magistrate Judge<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff Steven Mitchell, by and through his attorneys SADAKA LAW, by way of Complaint against all Defendants, does hereby state:

## PARTIES

1. Steven Mitchell ("Mr. Mitchell") is a resident of Brooklyn, Kings County, New York, and was, at all relevant times, an employee of Defendant Shimmick Construction Company, Inc.

2. Shimmick Construction Company, Inc. ("Shimmick") is a Delaware corporation with a principal place of business at 530 Technology Drive, Suite 300, Irvine, California.

3. Shimmick was Mr. Mitchell's employer and, during all times relevant, was operating and doing business at Hudson Bergen Light Rail, 20 Caven Point Ave, Jersey City, NJ 07304.

4. Habeeb Rahim ("Rahim"), in his individual and professional capacity, is believed to be a citizen of the State of New Jersey and is the Safety Manager of Shimmick. Rahim terminated Mr. Mitchell, and/or defamed him, and interfered with Mr. Mitchell's livelihood.

5. Carrie Masiello ("Masiello"), in her individual and professional capacity, is believed to be a citizen of the State of New Jersey and, at all relevant times, was the Human Resources Manager of Shimmick. Masiello terminated Mr. Mitchell, defamed him, and interfered with his livelihood.

6. Hudson-Bergen Rail is a light rail system in Hudson County, New Jersey, owned by New Jersey Transit.

7. New Jersey Transit ("NJ Transit") is a public entity that operates the Grove Street Light Rail Station in Bloomfield, New Jersey.

8. Does 1-10 include individual persons or entities who are currently unknown but had authority, control, and/or engaged in conduct to discriminate directly or indirectly against Mr. Mitchell as alleged herein.

## JURISDICTION

9. Jurisdiction is not proper in this Court due to the lack of complete diversity between parties under 29 U.S. § 1332.

## VENUE

10. According to New Jersey Civil Rule 4:3-2 (a), the matter was properly venued in Hudson County, Superior Court Law Division, because the Plaintiff was employed in Hudson County and the cause of action arose in Hudson County.

## FACTS

11. In or about 2003, Mr. Mitchell began working at Hudson Bergen Light Rail starting as a Signal Maintainer Helper and working his way up to Superintendent of Maintenace of Way.

12. Based on information and belief, Mr. Mitchell has undergone prior drug testing during his employment without incident.

13. In or about 2021, Mr. Mitchell was diagnosed with anxiety and post-traumatic stress disorder (PTSD).

14. As part of Mr. Mitchell's medical treatment, he was prescribed medical marijuana according to N.Y. Pub. Health Law § 3360-3369 (McKinney).

15. On or about June 23, 2022, Mr. Mitchell became a certified patient and was issued a registry identification card through the New York State Office of Cannabis Management.

16. Under section 3369 of N.Y. In Public Health Law, being a certified patient is considered to have a disability under New York State Human Rights Law, and employers are prohibited from discriminating against an employee based on the lawful use of medical marijuana.

17. On September 14, 2016, Governor Chris Christie signed legislation specifically including PTSD, which Mr. Mitchell suffers from, as a debilitating medical condition covered by New Jersey's Compassionate Use Medical Cannabis Act (CUMMA). N.J. Stat. Ann.§ 24:6i-3 (West).

18. CUMMA also allows for reciprocity agreements between states that authorize the medical use of cannabis, such as New York. N.J. Stat. Ann § 24:6i-5.3(c) (West).

19. CUMMA makes it unlawful for an employer to take any adverse employment action against an employee for being a registered medical marijuana user. N.J. Stat. Ann § 24:6i-6.1(a) (West).

20. Mr. Mitchell only uses the prescription to help him sleep at night after work and has never used it during work hours. He does not use his prescription every day but only as needed.

21. On or about July 6, 2022, Mr. Mitchell was advised by his employer that he was required to undergo mandatory drug testing.

22. Before taking the test, Mr. Mitchell advised his employer that he was prescribed medical marijuana to treat his medical condition. In response, he was told to take the test and advise the medical review officer (MRO) of his prescription.

23. On or about July 7, 2022, Mr. Mitchell underwent drug testing and provided the MRO with his medical marijuana prescription.

24. Mr. Mitchell's drug test results indicate that the testing was done "Pre-Employment" and came back positive for marijuana.

25. Following the positive drug test, the protocol outlined in N.J. CUMMA was not followed. N.J.S.A. 24:6i-6.1(b).

26. On or about July 14, 2022, Mr. Mitchell was terminated from his position as a result of testing positive for marijuana use.

27. Mr. Mitchell was not allowed to present a legitimate medical explanation for his marijuana use to the MRO, despite his attempts to do so. Instead, he was given information regarding substance abuse programs.

28. On or about March 2, 2023, Mr. Mitchell was offered the position of Assistant Superintendent, LRT Signals & ET, Grade 31 in the Light Rail Department at 261 Grove Street, Bloomfield, New Jersey 07003.

29. On or about March 6, 2023, Mr. Mitchell signed the conditional offer of employment.

30. Upon information and belief, sometime between March 6 and March 24, employees and or representatives from Shimmick disclosed Mr. Mitchell's test results to NJ Transit. Mr. Mitchell never consented to the release of this information.

31. On or about March 24, 2023, Mr. Mitchell received a phone call from an HR representative with NJ Transit, who informed him that the position was being rescinded due to his failure to attend counseling from a Substance Abuse Professional following his positive drug test with his former employer, Shimmick.

32. Mr. Mitchell explained to the representative that he had a prescription for medical marijuana at the time of his termination, that he did not have a substance abuse problem but rather took his prescribed medical marijuana to treat a medical condition.

33. The NJ Transit representative told Mr. Mitchell that there was nothing they could do, and that the rescission would stand.

34. Mr. Mitchell was never, and has never been, under the influence of marijuana while at work performing any of his work responsibilities, nor does his prescribed medication, including medical marijuana, affect his ability to perform his job.

35. Mr. Mitchell had successfully performed his job duties for approximately nineteen (19) years without incident, before his termination.

36. Shimmick's arbitrary implementation of drug testing of Mr. Mitchell, after 19 years of employment, in inherently discriminatory, as Mr. Mitchell's performance did not indicate that he was under the influence while at work and his use of marijuana was to treat his disability.

37. Mr. Mitchell was terminated due to his disability.

38. Despite Mr. Mitchell's alerting his employer, the Medical Review Officer and human resources representatives of his medical marijuana prescription, Mr. Mitchell was never spoken to by any of the Defendants to determine if, with an accommodation, Mr. Mitchell would be able to continue to perform his job responsibilities or if there was another position he could occupy.

39. Shimmick's treatment of Mr. Mitchell's medical marijuana use as a "substance abuse" issue resulted not only in his loss of employment but also harmed his ability to secure gainful employment following his termination.

## EXHAUSTION OF REMEDIES

40. More than thirty days prior to the institution of this lawsuit, Plaintiff filed a charged with the U.S. Equal Opportunity Commission (EEOC) alleging violation of Title I by Defendant Shimmick and other employees and agents employed by and affiliated with Shimmick and Hudson Bergen Light Rail – NJ Transit. All conditions precedent to the institution of this lawsuit have been fulfilled:

   a. On or about November 7, 2022, Plaintiff Steven Mitchell filed a verified charge with the Equal Employment Opportunity Commission, charging Defendant with discrimination based on disability (EEOC Charge No. 524-2023-00424).

    b. On February 6, 2024, Plaintiff was sent a determination of charge and notice of his right to sue.

41. More than six months before this lawsuit was instituted, Plaintiff filed a notice of claim with NJ Transit, and said notice was served upon NJ Transit within ninety days of the incident.

**COUNT I**
**NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:15-1 –**
**DISABILITY DISCRIMINATION**
(*As to Defendant Shimmick*)

42. Plaintiff repeats and realleges paragraphs 1 through 41 of this Complaint.

43. The New Jersey Law Against Discrimination (NJLAD) prohibits discrimination against an employee based upon their disability. N.J. Stat. Ann. § 10:5-4.1 (West).

44. NJLAD defines a disability as a "physical or sensory disability, infirmity, malformation or disfigurement…which prevents the typical exercise of any bodily or mental function or is demonstrable, medically or psychologically, by accepted clinical or laboratory diagnositics techniques." N.J. Stat. Ann. § 10:5-5(q) (West).

45. As Mr. Mitchell's anxiety and PTSD prevented him from sleeping and other physical and mental functions, he is deemed as disabled under NJLAD.

46. Plaintiff was qualified to perform the essential functions of his employment position, as demonstrated by his 19 years of service and promotions.

47. Defendants treated Plaintiff in a discriminatory manner due to Plaintiff's disability.

48. Defendant Shimmick terminated Plaintiff due to his disability and off-work use of prescribed medical treatment.

49. Plaintiff's termination, an adverse act, was committed by Defendant Shimmick's upper management, supervisors, and/or human resources personnel.

50. Although Defendant knew or should have known of the discrimination suffered, Defendant Shimmick failed to take any corrective measures to stop or prevent the discrimination in violation of NJLAD, N.J.S.A. 10:15-1, et seq.

51. These illegal actions were committed against Plaintiff, and the conduct complained of would not have occurred but for Plaintiff's disability. Defendant Shimmick has engaged in behavior that violates the NJLAD, N.J.S.A. 10:15-1, et seq., and has thereby irreparably injured Plaintiff.

**COUNT II**
**NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:15-1 –**
**DISABILITY DISCRIMINATION**
(*As to Defendant NJ Transit*)

52. Plaintiff repeats and realleges paragraphs 1 through 51 of this Complaint.

53. Plaintiff suffers from a disability as defined in the NJLAD.

54. Plaintiff was qualified to perform the position's essential functions, as demonstrated by his being offered the position.

55. Defendant NJ Transit treated Plaintiff in a discriminatory manner due to Plaintiff's disability.

56. Defendant NJ Transit withdrew their offer of employment due to Plaintiff's disability and off-work use of prescribed medical treatment.

57. The withdrawal of the employment offer, an adverse act, was committed by Defendant NJ Transit's upper management, supervisors, and/or human resources personnel.

58. Although Defendant knew or should have known of the discrimination suffered, Defendant NJ Transit failed to take any corrective measures to stop or prevent the discrimination in violation of the NJLAD, N.J.S.A. 10:15-1, et seq.

8

59. These illegal actions were committed against Plaintiff and the conduct complained of would not have occurred but for Plaintiff's disability. Defendant NJ Transit has engaged in behavior that violates the New Jersey Law Against Discrimination, N.J.S.A. 10:15-1, et seq., and have thereby irreparably injured Plaintiff.

## COUNT III
## AMERICAN WITH DISABILITIES ACT (ADA), 42 U.S.C.A. 12101 et seq. – DISABILITY DISCRIMINATION
*(As to Defendant Shimmick)*

60. Plaintiff repeats and realleges paragraphs 1 through 59 of this Complaint.

61. The American with Disabilities Act (ADA) is a federal anti-discrimination law that provides and protects a qualified person with a disability from adverse employment actions based on their disability. 42 U.S.C.A. § 12101 et seq.

62. Under the ADA, a qualified individual is a person with a disability who, with or without reasonable accommodation, can perform the job's essential functions. 42 U.S.C.A. § 12111(8).

63. Under the ADA, the word "disability" means: a person 1) who has a physical or mental impairment that substantially limits one or more major life activities or 2) a person who has a history or record of such an impairment or 3) a person who is perceived by others as having such an impairment." 42 U.S.C.A. § 12102 (1).

64. As Mr. Mitchell's anxiety and PTSD prevents him from engaging in a number of major life activities, including the ability to sleep, he is deemed as disabled under the ADA.

65. Plaintiff was qualified to perform the essential functions of his employment position, as demonstrated by his 19 years of service and promotions.

66. Defendants treated Plaintiff in a discriminatory manner due to Plaintiff's disability.

67. Defendant Shimmick terminated Plaintiff due to his disability and off-work use of prescribed medical treatment.

68. Plaintiff's termination, an adverse act, was committed by Defendant Shimmick's upper management, supervisors, and/or human resources personnel.

69. Although Defendant knew or should have known of the discrimination suffered, Defendant Shimmick failed to take any corrective measures to stop or prevent the discrimination in violation of the ADA. 42 U.S.C.A. § 12101 et seq.

70. These illegal actions were committed against Plaintiff, and the conduct complained of would not have occurred but for Plaintiff's disability. Defendant Shimmick has engaged in behavior that violates the ADA, 42 U.S.C.A. § 12112, and has thereby irreparably injured Plaintiff.

### COUNT IV
### AMERICAN WITH DISABILITIES ACT (ADA), 42 U.S.C.A. 12101 et seq. – DISABILITY DISCRIMINATION
(*As to Defendant NJ Transit*)

71. Plaintiff repeats and realleges paragraphs 1 through 70 of this Complaint.

72. Plaintiff suffers from a disability as defined in the ADA.

73. Plaintiff was qualified to perform the position's essential functions, as demonstrated by his being offered the position.

74. Defendant NJ Transit treated Plaintiff in a discriminatory manner due to Plaintiff's disability.

75. Defendant NJ Transit withdrew their offer of employment due to Plaintiff's disability and off-work use of prescribed medical treatment.

76. The withdrawal of the employment offer, an adverse act, was committed by Defendant NJ Transit's upper management, supervisors, and/or human resources personnel.

77. Although Defendant knew or should have known of the discrimination suffered, Defendant NJ Transit failed to take any corrective measures to stop or prevent the discrimination in violation of the ADA, ADA. 42 U.S.C.A. § 12101 et seq.

78. These illegal actions were committed against Plaintiff and the conduct complained of would not have occurred but for Plaintiff's disability. Defendant NJ Transit has engaged in behavior that violates the ADA, 42 U.S.C.A. § 12112, and have thereby irreparably injured Plaintiff.

## COUNT V
## WRONGFUL TERMINATION
### (*As to Defendant Shimmick*)

79. Plaintiff repeats and realleges paragraphs 1 through 78 of this Complaint.

80. Plaintiff belongs to a protected class under the NJLAD and ADA based upon his disability.

81. Plaintiff was performing their job at a level that met the employer's legitimate expectations, as demonstrated by his 19 years of experience and promotions during the course of his employment.

82. Plaintiff was terminated from his employment.

83. After termination, Defendant Shimmick sought someone to perform the same functions who did not belong to the same protected class.

84. Defendant Shimmick is therefore liable to Plaintiff for his wrongful termination.

## COUNT VI
## FAILURE TO ACCOMMODATE UNDER NJLAD
### (*As to Defendant Shimmick*)

85. Plaintiff repeats and realleges paragraphs 1 through 84 of this Complaint.

86. Plaintiff is an individual with a disability under NJLAD.

87. Plaintiff demonstrated his ability to successfully perform the position based upon his nineteen years of service.

88. Defendant Shimmick failed to reasonably accommodate Plaintiff or even discuss with Plaintiff potential accommodations for his condition.

89. Defendant Shimmick illegally failed to accommodate Plaintiff Steven Mitchell's disability and is therefore liable for the damages suffered by Plaintiff.

## COUNT VII
## FAILURE TO ACCOMMODATE UNDER THE ADA
### (*As to Defendant Shimmick*)

90. Plaintiff repeats and realleges paragraphs 1 through 90 of this Complaint.

91. Plaintiff is an individual with a disability under the ADA.

92. Plaintiff demonstrated his ability to successfully perform the position based upon his nineteen years of service.

93. Defendant Shimmick failed to reasonably accommodate Plaintiff or even discuss with Plaintiff potential accommodations for his condition in clear violation of the ADA. 42 U.S.C.A. § 12112 (5)(A).

94. Defendant Shimmick illegally failed to accommodate Plaintiff Steven Mitchell's disability and is therefore liable for the damages suffered by Plaintiff.

## COUNT VIII
## NEGLIGENCE
### (*As to Defendant Shimmick*)

95. Plaintiff repeats and realleges paragraphs 1 through 94 of this Complaint.

96. Defendant Shimmick, as Mr. Mitchell's employer, owed him a duty of care.

97. Defendant Shimmick breached that duty.

98. Defendant Shimmick' s breach of duty was the actual and proximate cause of Mr. Mitchell's injuries.

99. Mr. Mitchell suffered damages due to Defendant Shimmick' s breach.

100. Defendant Shimmick is, therefore, liable to Mr. Mitchell for damages sustained due to their negligence.

## COUNT IX
## NEGLIGENCE
### (*As to Defendant NJ Transit*)

101. Plaintiff repeats and realleges paragraphs 1 through 100 of this Complaint.

102. Defendant NJ Transit, as a potential future employer of Mr. Mitchell, owed to him a duty of care.

103. Defendant NJ Transit breached that duty.

104. Defendant NJ Transit's breach of duty was the actual and proximate cause of Mr. Mitchell's injuries.

105. Mr. Mitchell suffered damages because of Defendant NJ Transit's breach.

106. Defendant NJ Transit is therefore liable to Mr. Mitchell for damages sustained due to their negligence.

## COUNT X
## BREACH OF CONFIDENTIALITY

107.  Plaintiff repeats and realleges paragraphs 1 through 106 of this Complaint.

108.  Under Department of Transportation (DOT) Rule 49 CFR Part 40 Section 40.321, Defendant Shimmick, as an employer participating in the DOT drug or alcohol testing process, is prohibited from releasing individual test results or medical information about an employee to third parties without the employee's specific written consent.

109.  Plaintiff never consented to release the results of his July 2022 drug test performed by Defendant Shimmick or its agents.

110.  Upon information and belief, Defendant Shimmick shared the results of Plaintiff's July 2022 drug test with his potential new employer at NJ Transit.

111.  As a result of this release of information, NJ Transit withdrew its job offer, causing Plaintiff economic harm.

112.  Defendant Shimmick is therefore liable to Plaintiff for the damages he sustained from their improper release of confidential information.

**WHEREFORE**, Plaintiff demands judgment as to all claims, counts and parties as follows:

A)  Declaratory and Injunctive Relief;
B)  Compensatory Damages;
C)  Loss of pension, health insurance and other benefits,
D)  Emotional distress, pain and suffering;
E)  Back Pay and Future Pay;
F)  Pre and Post Judgment Interest;
G)  Liquidated Damages
H)  Gross Tax Up Consequences;
I)  Punitive Damages;
J)  Attorney's Fees and Costs of this Action;
K)  Other Equitable Relief; and
L)  Such further relief as the Court deems necessary and property in the public interest.

Dated:  June 19, 2024

Respectfully submitted,

MARK T. SADAKA, ESQ. 03858209
SADAKA LAW
155 North Dean Street, 4th Floor
Englewood, New Jersey 07631
800-810-3457
mark@sadakafirm.com;
ecf@sadakafirm.com
